Ronald E. ESSICK,
Claimant-Respondent,

v.

The CITY OF SPRINGFIELD, Missouri,
By and Through the BOARD OF PUB-
LIC UTILITIES of the CITY OF
SPRINGFIELD, Missouri, Employer-
Appellant.

No. 13737.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1984.

Kenneth W. Johnson, Johnson, Sweeney & Miller, Springfield, for claimant-respondent.

Rae L. Nickell, Springfield, for employer-appellant.

GREENE, Judge.

Employer, City Utilities of Springfield, appeals from the Labor and Industrial Relations Commission's final award allowing compensation to claimant, Ronald E. Essick.

The facts of this case are not in dispute. Essick sustained an on-the-job injury on October 19, 1981. As a consequence of this accident, he missed 44⁶/₇ weeks of work. During his period of temporary total disability, Essick received Worker's Compensation in the amount of $7,805.17 (44⁶/₇ weeks times the stipulated compensation rate of $174 per week). Essick also received additional "disability pay" for 26 weeks, totaling $7,211.44, in order that his Worker's Compensation pay be supplemented up to the amount of his regular net pay. This supplement was paid under the terms of a collective bargaining agreement between City Utilities and the International Brotherhood of Electrical Workers, Local 753.

The Administrative Law Judge (hereinafter ALJ) found that Essick had suffered a permanent partial disability in the amount of twenty percent of the body as a whole as the result of the injury, and rendered an award of $8,352 in his favor. The ALJ also rejected City Utilities' claim for a credit, under the provisions of § 287.160.3, RSMo 1981, V.A.M.S. and § 287.100 RSMo 1978, V.A.M.S., as to the supplement paid Essick.

City Utilities appealed to the Commission which issued a final award allowing com-

pensation that approved and affirmed the ALJ's decision.

On appeal to this court, the sole question to be resolved is whether the Commission erred in denying City Utilities' claim to a credit against the award. At the time of Essick's injury, § 287.160.3 provided that, "the employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury, except for liability under Section 287.140 [medical benefits]."[1] City Utilities contends that the disability pay received by Essick was wages paid on account of the injury. This court has recently held such payments made under a collective bargaining agreement are not solely on account of the injury and thus the employer is not entitled to a credit. *Evans v. Missouri Utilities Co.*, 671 S.W.2d 812, 816[3] (Mo. App.1984).

*Evans* involved a private employment situation whereas the instant case is one of public employment. In the public employment setting, City Utilities argues that § 287.100 mandates a credit for the employer. Section 287.100 states in the relevant part:

Nor shall anything in this chapter be construed as interfering with the right of any public employee to draw full wages, or collect and retain his full fees, so long as he holds his office, appointment or employment, but the period during which the same are received after the injury shall be deducted from the period of compensation payments due hereunder.

In construing § 287.100, it seems to us that the right to draw full wages, upon which this controversy centers, does not refer to the type of "right" conferred by a collective bargaining agreement. Aside from the collective bargaining agreement, Essick had no "right" to draw full wages upon his disability.

It has been noted, in a case involving a private employment situation, that § 287.-100 is not a credit provision for public employers, but rather a disqualification provision for public employees. At the time the Worker's Compensation laws were passed, public employees, unlike their counterparts in the private sector, were generally allowed to continue at their full salary during disability. *Strohmeyer v. Southwestern Bell Tel. Co.*, 396 S.W.2d 1, 7 (Mo.App.1965). In other words, § 287.100 was intended to neutralize any advantage that an employee drawing Worker's Compensation benefits might gain solely because of his position as a public employee. It would be perverse to interpret this statute so that a public employee, who has successfully negotiated for the right to receive additional disability pay by the terms of his collective bargaining agreement, would be treated less favorably by the Worker's Compensation laws than would a private employee who works under similar terms. We refuse to apply the disqualification provision of § 287.100 to a public employee when a private employee under the same type of terms would not be forced to forego the full benefits for which he has bargained.

In *City of St. Louis v. Grimes*, 630 S.W.2d 82 (Mo. banc 1982), the court held that wages paid to a public employee during the period of compensability under Worker's Compensation may be offset against a permanent partial disability benefit as well as against temporary total benefits. City Utilities cites *Grimes* as an exception to the *Evans* case, which, in its opinion, would allow a public employer to offset wages paid to an employee even under a collective bargaining agreement. There is, however, no indication in the *Grimes* opinion that the wages being paid to the public employee were done so pursuant to a collective bargaining agreement. Presumably, the court found in *Grimes* that the "right" to receive wages during the period of disability arose from a source contemplated under § 287.100, and thus

---

**1.** In 1983, the legislature amended § 287.160.3 *to provide:* "the employer *shall not be entitled to credit for wages or such pay benefits paid to* the employee or his dependents on account of injury or death."

was subject to being offset against the final award. *Grimes* does not apply under the facts in this case.

In interpreting § 287.100 and the case law in this area, we have kept in mind that all doubts are to be resolved in favor of the employee. *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 923[8] (Mo. App.1982). Accordingly, we determine that City Utilities is not entitled to a credit under § 287.160.3 nor to an offset under § 287.100.

The award and judgment are affirmed.

TITUS, P.J., and FLANIGAN, J., concur.