**James R. COX, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Respondent.**

**No. WD 35856.**

Missouri Court of Appeals, Western District.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Application to Transfer Denied June 25, 1985.

Lawrence R. Magee, Kansas City, for appellant.

Stephen A. Murphy (argued), Paul Scott Kelly, Jr., Terry J. Brady, G. Winston Huston, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Claimant James R. Cox appeals from a denial by the Labor and Industrial Commission of his claim for Worker's Compensation because of an alleged injury he suffered in the course and scope of his employment for General Motors Corporation. We affirm.

Claimant is an employee of the self-insured General Motors Corporation. In January of 1981, he began to experience trouble with his upper extremities. He was eventually diagnosed as suffering from bilateral carpal tunnel syndrome. A carpal tunnel release was performed on both wrists in June and July of 1981. He was awarded worker's compensation for the injuries and expenses resulting from the condition in his wrists.

After recuperating from the surgery, Mr. Cox returned to work on light duty. He was assigned to operate a spot welder gun which is electrically powered and put into operation by pulling the trigger. On October 26, 1981, he claimed that while operating the gun he was "electrocuted" and knocked unconscious. He was treated at the plant first aid station and later that same day also treated at the Park Lane Medical Center for a first degree burn on his left forearm.

Mr. Cox returned to work the following day and continued at his job for three months. He alleged that he experienced increasing pain and a loss of hand grip strength during this period. Eventually, he stopped working and received disability payments from General Motors based upon his claim that he was unable to work because of pain caused by the October 26th incident. Ultimately, the employer stopped the payments when Mr. Cox could not obtain a certification of disability from an attending physician.

Although only one doctor testified at the hearing on his claim, Mr. Cox asserts that he visited fifteen physicians and clinics seeking treatment for his injury. General Motors paid some of the initial medical expense thus incurred, but refused further payment. Claimant Cox filed a claim for worker's compensation for permanent total or partial disability because of the incident.

A hearing was held before Administrative Law Judge Paul Margolis, Jr., at which Mr. Cox testified as to the events of October 26, 1981. He stated that while welding an inner car panel he pulled the gun's trigger and that was the last thing he remembered until he was being treated at the first aid station. He testified that he was shocked by the gun's electrical current when it grounded through him rather than the gun and that the band of the wrist watch he was wearing on his upper forearm was damaged because of the shock. His testimony was the only evidence that he presented about the particulars of the alleged accident itself.

The only objective evidence of the accident is the diagnosis of the claimant's injury made by the attending physician at Park Lane Medical Center. The physician found that Mr. Cox had a first degree burn on his left forearm. The Medical Center record states that Mr. Cox told the physician that the burn was caused by an electrical shock. That record entry is the only explanation of the cause of the burn.

Claimant's counsel also put into evidence the deposition of Dr. Jose Thomas-Richards, a hand and orthopedic surgeon who had examined Mr. Cox. The deposition was taken for use in Mr. Cox's earlier and separate successful compensation claim for the disability resulting from his bilateral carpal tunnel syndrome.

In his deposition, the doctor testified that Mr. Cox suffered a permanent functional disability and attributed 25–30% of the disability to the surgery performed on his wrists and the remainder to the electrical shock. Dr. Thomas based his opinion of the disability resulting from the electrical shock on what Mr. Cox had told the doctor, reports of other doctors not put into evidence, and the results of certain grip tests. The doctor admitted that the grip tests

were dependent on the claimant's making an honest effort to cooperate and that the result could be manipulated by the patient. On cross-examination, Dr. Thomas admitted that he did not personally find any symptoms attributable to the electrical shock, which troubled him. He also said that he could not find any physiological factors that would explain the amount of debilitating pain claimed by Mr. Cox.

The deposition of Dr. Bolan, an orthopedic surgeon, was admitted into evidence on behalf of General Motors. Dr. Bolan testified that upon examining the claimant he could find no objective physical factors substantiating Mr. Cox's claims. Dr. Bolan further testified that in his opinion Mr. Cox should return to work.

Judge Margolis denied compensation. In his findings of fact and law the judge stated that he totally discredited the claimant's testimony because it was contradictory. He further found that not a scintilla of credible evidence showed that Mr. Cox's complaints were caused by the alleged electrical shock. He went on to state that most of Mr. Cox's complaints were the same as those he made because of his bilateral carpal tunnel syndrome for which he had already been compensated. The judge also concluded that no aggravation of the compensated injury had been shown. He personally tested the claimant's grip and found that Mr. Cox was making little effort to grip with his entire strength. Judge Margolis also examined the wrist watch allegedly damaged by the electrical current and found no evidence of damage to the watch band. Finally, the judge held that Mr. Cox was not authorized by General Motors to incur the medical expenses for which he was seeking payment.

The decision and findings of the administrative law judge were reviewed by the Labor and Industrial Commission. The commission affirmed the denial of compensation and adopted the Administrative Law Judge's findings. Therefore, we review the decision and findings of the administrative law judge as adopted by the commission.

Mr. Cox's point on appeal is that the administrative law judge's decision is not supported by the greater weight of the evidence and that substantial evidence was presented supporting an award of compensation. He also argues that General Motors authorized his private medical treatment since the company's doctor was aware of the care and his employer did not protest the treatment.

A recent statement of the scope of our review of worker's compensation decisions is set forth as follows in *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769 (Mo.App.1983):

> On this appeal this court must determine if the award of the commission is supported by competent and substantial evidence on the whole record. All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the award. This court may not substitute its judgment for that of the commission. The award may be set aside only if there is no competent and substantial evidence to support it or if the findings of the commission are clearly contrary to the overwhelming weight of the evidence.

We find that the decision here is supported by substantial and competent evidence and that it is not clearly contrary to the overwhelming weight of the evidence. *Id.;* § 287.490.

■ The only evidence of the alleged accident of October 26 was Mr. Cox's testimony. The administrative law judge discredited that testimony because he found it contradictory, and his finding was adopted by the commission. The commission may decide a case solely upon its disbelief of witness testimony, even if it is uncontradicted or unimpeached. *Ricks v. H.K. Porter, Inc.*, 439 S.W.2d 164, 167 (Mo.1969); *Simmons v. Wilson Freight Co.*, 549 S.W.2d 571, 572 (Mo.App.1977).

Mr. Cox's testimony is internally contradictory. He first testified that he had no memory of what occurred after he pulled the trigger on the welding gun. He then went on to testify about being shocked

when the gun grounded through him, an event occurring after he pulled the trigger. His testimony is also contradicted by the judge's own examinations. Upon examining Mr. Cox's wrist watch, the judge found no evidence of the alleged damage. Finally, the judge found that Mr. Cox was not exerting his full strength when the judge tested his grip.

The only objective evidence of the alleged accident was the report of the Park Lane Medical Center that the claimant had suffered a first degree burn to his left forearm. But the only explanation offered of the cause of the burn was Mr. Cox's statement to the attending physician that he had been "electrocuted." The claimant has the burden to prove that he suffered an accident in the course and scope of his employment. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. 1983) (en banc). The judge, as he was free to do, chose to disbelieve Mr. Cox, leaving no credible evidence of the alleged accident.

The claimant also has the burden to establish the causal relationship between the accident and the claimed injury. *Palmer v. Kansas City Chiefs Football Club*, 621 S.W.2d 350, 351 (Mo.App.1981). Judge Margolis correctly decided that Mr. Cox did not meet his burden. In his deposition, Dr. Thomas testified that he found no objective physiological factors connecting the electrical burn with Mr. Cox's complaints. Dr. Thomas relied upon Mr. Cox's statements, his own experience and medical reports not in evidence for his conclusion that 70–75% of Mr. Cox's disability was due to the electrical shock. Dr. Bolan similarly found no physiological evidence linking the burn with Mr. Cox's pain. The judge's conclusion on this point is supported by competent and substantial evidence and is not clearly contrary to the overwhelming weight of the evidence. *Matthews v. Roadway Express, Inc., supra*, 660 S.W.2d at 769.

Finally, we affirm the commission's denial of payment for medical expenses incurred by the claimant. We have already affirmed the administrative law judge's de-cision that Mr. Cox did not suffer a disability as a result of the alleged accident. A claimant is not entitled to medical compensation where he has suffered no disability as a result of an accident upon which his claim is premised. *Dixon v. Art Bunker Motors, Inc.*, 387 S.W.2d 199, 205 (Mo.App. 1964).

For the foregoing reasons, the decision of the Labor and Industrial Commission is affirmed.

All concur.