**FORD MOTOR COMPANY, Appellant,**

v.

**Arnell DICKENS, Respondent.**

**No. 49496.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 8, 1985.

Motion for Rehearing and/or Transfer Denied Nov. 12, 1985.

Application to Transfer Denied Dec. 17, 1985.

Robert W. Herr, St. Louis, for appellant.

William R. Hirsch, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Employer Ford Motor Company appeals an award of the Labor and Industrial Relations Commission holding respondent's heat-related injuries compensable under the Missouri Workers' Compensation Law, § 287.010–.855, RSMo 1978, as amended. We affirm.

On July 20, 1983, at approximately 11:00 p.m., respondent suffered a heat stroke while working at the Ford Motor Company plant in Hazelwood, Missouri. On this date, the St. Louis area was in the midst of a heat wave during which the official temperature climbed above 90 degrees for thirteen consecutive days. As a result of the heat stroke he suffered, respondent is permanently and totally disabled.

After receiving medical attention, respondent filed a claim for compensation with the Division of Workers' Compensation. The case proceeded to a hearing before an administrative law judge which resulted in an award on hearing holding that respondent did not sustain a compensable injury because respondent had failed to prove that he was subjected to a greater hazard from the heat than was the general public.

Respondent then appealed the administrative law judge's order to the Labor and Industrial Relations Commission. On November 29, 1984, the Commission issued its final award, reversing the administrative law judge's decision and holding that respondent had suffered a compensable injury under the Missouri courts' current interpretation of the Missouri Workers' Compensation statute. Appellant then appealed directly to this court pursuant to § 287.-495.1 RSMo (Supp.1983).

The main issue presented on appeal is whether the Labor and Industrial Relations Commission erred in determining that respondent's heat stroke constituted a compensable injury under the Missouri Workers' Compensation statute. Appellant contends: (a) that the evidence before the Commission was insufficient to support a finding that the injury was job related; (b) that the evidence was not conclusive that the heat stroke was caused by respondent's job and not by the heat wave in general; (c) that an affirmance of the Commission's decision would improperly overrule previous Missouri heat exhaustion case law; and (d) that despite the interpretation the Missouri courts currently give the Workers' Compensation statute, a claimant still must show that his job exposed him to a greater heat hazard than that to which the general public was exposed. Finding none of these contentions persuasive, we affirm the Labor and Industrial Relations Commission's award.

Appellant's claims of error are based upon the contention that the record before the Commission was insufficient to satisfy the test for finding a compensable accident. The test, as set out in *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781 (Mo. banc 1983), and its progeny, requires that there be substantial evidence in the record to support a finding of "job relatedness." The job relatedness test does not require that the injury result from any abnormal or unexpected strain, or from a slip and fall: "Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable." *Id.* at 784. *See also Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87, 89, (Mo. banc 1983).

Appellant first contends that the evidence presented was insufficient to support such a finding because the record contains no evidence of a causal connection between respondent's work and the heat stroke he suffered. There was, however, evidence in the record that respondent was wearing full length coveralls, safety shoes,

safety glasses and cotton gloves on the night of the injury. Appellant recommended, but did not require, that employees working on the frame line wear these articles for their own protection. A doctor who examined respondent testified that the heavy clothing worn by respondent was a factor contributing to the heat stroke in that the clothing reduced his ability to radiate heat and lower his body temperature.

Also, there was evidence in the record that respondent's duties as a frame line operator included a degree of physical exertion. His job was to operate an electronic hoist which lifts each car frame onto the assembly line with the operator guiding the frame into place. He would then manually place two five-pound pieces of metal on each frame. This process was to be executed repeatedly throughout a work shift.

We hold that given this evidence, the Labor and Industrial Relations Commission had sufficient basis for its finding that the heat stroke was job related. The clothes respondent wore on the job, combined with the physical nature of his work, are sufficient to establish a causal connection between the performance of his duties and the heat stroke he suffered.

Appellant secondly contends that the Commission erred in awarding compensation in that the evidence presented was not conclusive that respondent's work—not the heat wave in general—caused respondent's injury. Appellant cites *Seabaugh v. Garver Lumber Mfg. Co.*, 355 Mo. 1153, 200 S.W.2d 55 (banc 1947) for the proposition that, in the instant case, respondent had to prove that his work was *the* cause of the injury, not merely one of two or more possible causes.

■ Whether or not this was ever the law in Missouri, it is not the law today. *Wolfgeher* and its progeny establish that the Commission must find that the injury was job related. It is not, however, necessary for the court to find that the claimant's work was the sole or primary cause of the injury.

In *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983), for example, the court affirmed the Commission's holding that a heart attack suffered by a truck driver while he was on the job constituted a compensable injury. The court stated that,

[e]ven though Wynn was in poor health, had a pre-existing heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the "job related" or "work related" test of *Wolfgeher*.

*Id.* at 89–90.

In the instant case, the Commission found that respondent's "body temperature was raised abnormally high, to 108 degrees, directly as a result of his work in a hot factory, while wearing clothing which inhibited his body's ability to radiate the heat." Although external or "non-job related" factors, such as the heat wave in the St. Louis area and respondent's prior physical condition are factors to be considered in determining if the injury was compensable, on review this court cannot overturn a Commission's award merely because such external factors exist. An appellate court can only reverse a Commission's award on evidentiary grounds if the facts found by the Commission do not support the award or there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.490 RSMo (Supp.1983). We hold that the evidence in the record in the instant case was sufficient to support the Commission's finding that the injury was job related.

Appellant thirdly contends that the Commission's award is inconsistent with prior Missouri case law and, therefore, should not be affirmed. In support of this proposition, appellant cites a line of Missouri Workers' Compensation heat prostration cases decided between 1932 and 1940. Appellant claims that because the courts in

those cases required that there be a showing that the claimant was exposed to a "greater hazard" than was the general public, such a showing is required today. Again, appellant's argument fails because the *Wolfgeher* line of cases has changed the courts' interpretation of the Missouri Workers' Compensation statute. In *Wolfgeher*, the Supreme Court described the Workers' Compensation Law as follows:

> The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment.... The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class.... Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee.

*Wolfgeher, supra* at 783.

■ In keeping with these principles, we hold that the "greater hazard" test used in previous heat prostration cases should no longer be followed except as it is incorporated in the "job related" test of *Wolfgeher* and its progeny. We realize that the conditions of employment that satisfy the "job related" test will often be such that they expose the employee to a greater hazard than the general public. It is no longer necessary, however, that the "greater hazard" test be met so long as the injury is job related.

Accordingly, we hold that in the instant case the Commission was correct in finding respondent's injury was compensable as job related. It was not necessary for the Commission to find that respondent was exposed to a greater hazard.

Appellant fourthly contends that the Commission erred in holding respondent's injury compensable, arguing that other states' courts have uniformly held that in heat exhaustion cases, a claimant must show he was exposed to an increased heat hazard due to his employment.

As was discussed above, exposure to a greater heat hazard than the general public is no longer the test for a compensable claim in Missouri. The test is now enunciated in terms of the injury's relation to the claimant's employment. In the instant case, we have determined that respondent's injury was job related. Appellant's reliance upon cases from other jurisdictions is, therefore, misplaced.

Finally, appellant claims that the Commission's award was in error because the Commission, in determining the amount of the award, failed to give appellant credit for payments made by appellant to respondent under the company's sickness and accident program.

Between July 21, 1983 and January 4, 1984, appellant made payments of $230.00 per week to respondent through John Hancock Insurance Company. These payments were made pursuant to a collective bargaining agreement between appellant and respondent's union.[1] Appellant claims that it is entitled to a credit for $202.09 per week (the statutory amount of workers' compensation benefits due) because of the $230.00 per week it has already paid pursuant to the union agreement.

In *Evans v. Missouri Utilities Co.,* 671 S.W.2d 812 (Mo.App.1984), however, the court held that an employer is not entitled to a credit on workers' benefits for payments made pursuant to a collective bargaining agreement. The employer based its claim for a credit upon § 287.160.3, RSMo 1969, which reads:

> 3. The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents *on account of* the injury, except for liability under section 287.140 [medical benefits]. (Emphasis added).

The court held that a payment made pursuant to a collective bargaining agreement

---

1. The union agreement contained a clause providing that, "accident and sickness benefits are reduced by the amount of any lost time workers' compensation benefits to which you are entitled."

was not made "on account of" the injury sustained, but rather "on account of" the existence of the agreement. *Evans, supra* at 815.

▬ The version of the statute applicable to the instant case includes the same "on account of" language. See § 287.160.3 RSMo (Supp.1981). The employer, therefore, is not entitled to a credit for the amount paid pursuant to the union agreement, despite the fact that a compensable injury triggered the payments. *See also Essick v. City of Springfield,* 680 S.W.2d 777 (Mo.App.1984).

We hold, therefore, that the Commission's final award of compensation is proper and that the award is not subject to any set-off due to appellant's payments under the collective bargaining agreement.

Affirmed.

DOWD, P.J., and PUDLOWSKI, J., concur.