**Hazel WESTERHOLD, Appellant,**

**v.**

**UNITOG–HOLDEN MANUFACTURING COMPANY,**

**and**

**Commercial Union Insurance Company, Insurer-Respondents.**

**No. WD 37045.**

Missouri Court of Appeals, Western District.

March 11, 1986.

Edgar S. Carroll, Warrensburg, James A. Rahm, Carrollton, for appellant.

Bart E. Eisfelder, Jackson & Bailey, P.C., Kansas City, for respondents.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

Hazel Westerhold, a former employee of Unitog-Holden Manufacturing Company, appeals from a denial of her worker's compensation claim for emotional and psychological disability. The award of the administrative law judge denying compensation was adopted by the Labor and Industrial Relations Commission and affirmed by the circuit court.

Since the Labor and Industrial Relations Commission affirmed the denial of compensation and adopted the administrative law judge's findings, this court reviews the decision and findings of the administrative law judge. *Cox v. General Motors Corporation*, 691 S.W.2d 294, 296 (Mo.App.1985). All evidence and legitimate inferences must be viewed in a light most favorable to the award, and it may be set aside only if there is no competent and substantial evidence to support it or if the findings are clearly contrary to the overwhelming weight of the evidence. *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769 (Mo.App. 1983). Although the Worker's Compensation law is to be liberally construed to extend benefits, the burden is on the employee to prove the accident and consequent injuries arose "out of" and "in the course of" the employment.

The general rule is that an injury arises "out of" the employment if it is a natural and reasonable incident thereof, *i.e.*, a direct causal connection exists between the injury and the employee's duties or the condition under which he was required to perform them. "In the course of" employment means the accident and injury occur within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment. *Automobile Club Inter-Insurance Exchange v. Bevel*, 663 S.W.2d 242, 245 (Mo. banc 1984); *Parrish v. Kansas City Security Service*, 682 S.W.2d 20, 24 (Mo.App.1984).

The employee's claim alleged on February 20, 1980, her supervisor slapped her "across the mouth causing her to suffer great emotional psychological injury and injury to her central nervous system and eye sight." The employee testified at the hearing before the administrative law judge she was humiliated by the slapping incident. Her testimony was she woke up three weeks later in a Kansas City hospital without any memory of the intervening time since the slapping. She alleged that the company had been trying to get rid of her and that her job was stressful. Her physician diagnosed her as acute depressive with a post-traumatic neurosis. The doctor likened her to a plate with a crack and stated the alleged slapping incident was sufficient to cause the condition of mental disability as set forth in her claim for compensation.

Westerhold had worked over 13 years for Unitog-Holden and its predecessor in Holden, Missouri. Her job entailed sewing garments. She was paid on a piecework basis. She had been warned about and reprimanded for her inadequate work in 1969, 1971 and 1979. In 1979 she received a four day suspension. After the alleged slapping incident, she continued to work for about a month, never mentioning the incident to her husband. She then was admitted to the hospital. Unitog-Holden later terminated Westerhold, who has been unable to find other work. At the time of the hearing, she was severely depressed and was on tranquilizing medication.

The employer and insurer's evidence characterized the February 20th incident not as a "slapping" but as an attempt by the supervisor to put her hand over Westerhold's mouth to stop her from talking. The medical testimony for the employer-insurer was to the effect that Westerhold sustained no permanent psychiatric injury from the February 20th incident. The psychiatrist discounted amnesia for the three to four week period between the incident complained of and the hospital admission.

Based on the evidence, the administrative law judge found that Westerhold had a long history of problems, had been on tranquilizing medicine for some time, and had a definite fear of deteriorating eyesight. He found that prior to February 20, 1980, Westerhold had had mental difficulties resulting from family problems, fears unrelated to the job, and pressures from work which could reasonably be expected in a factory environment. The findings basically discounted the occurrence of a "slapping" on February 20, 1980.

The administrative law judge was free to believe or disbelieve the conflicting testimony regarding whether Westerhold's claimed disability was job related. *Cox,*

*supra,* at 297. As to conflicting medical theories, deciding which to accept is a determination for the administrative law judge. *Hawkins v. Emerson Electric Co.,* 676 S.W.2d 872, 877 (Mo.App.1984).

■ Though Westerhold claims her condition grew out of an incident in which her supervisor slapped her on February 20, 1980, the law judge found her psychological or emotional condition was not causally related to an event and/or series of repeated accidents or traumas within the meaning of § 287.020, RSMo 1978, as construed in *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983). This determination was a matter of law. *Garrett v. Industrial Commission,* 600 S.W.2d 516, 519 (Mo.App.1980).

On appeal counsel for the employee argues there was no competent and substantial evidence to support the denial of compensation. Despite this argument, a review of the record shows the administrative law judge's decision as adopted by the Commission was supported by competent and substantial evidence.

■ Counsel also argues the case of *Wolfgeher, supra* changed the "accident" requirement of § 287.067, RSMo 1978, and even if the slapping incident did not occur, Westerhold's disability resulted from her working conditions, and pursuant to *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87 (Mo. banc 1983), she should have been awarded compensation. *Wolfgeher* does not eliminate the statutory requirement of accident but dispenses with the employee's need to prove abnormal or unusual strain to show an accident. In essence, *Wolfgeher* permits the concept of "accident" to encompass gradual and progressive injuries resulting from repeated exposure to on-the-job hazards. *Wolfgeher, supra,* at 785.

*Wolfgeher* does nothing to erase the necessity that the injury arise out of and in the course of the employment. The injury still clearly must be job related. *Id.* In the case at bar, the administrative law judge found no causal connection between Westerhold's job and her depressive mental state for which she sought recovery. The findings adopted by the Commission clearly rule out the slapping incident. Moreover, the findings rule out a consideration that the stress of the job constituted a causal connection to the claim.

In *Wynn,* the court found a heart attack suffered by a truck driver on a particularly hot day was "clearly job related." *Wynn, supra,* at 89. However, there is nothing in the *Wynn* case to support Westerhold's contention that her mental condition was clearly related to her job as a seamstress in the clothing plant. Westerhold failed to show her mental distress was work induced or occurred during the performance of her usual duties. *See Staab v. Laclede Gas Co.,* 691 S.W.2d 343, 344 (Mo.App.1985). This result is consistent with *Tibbs v. Rowe Furniture Corp.* 691 S.W.2d 410, 412–13 (Mo.App.1985) and *Barnes v. Ford Motor Co.,* 708 S.W.2d 198, —— (Mo.App.1986), where the finder of fact in each case found the claimant's present psychological disabilities were not related to his job.

The administrative law judge noted Westerhold had a history of difficulties pre-dating the incident in question and determined her present problems were not job related. Another recent case, *Ford Motor Co. v. Dickens,* 700 S.W.2d 484 (Mo.App.1985), does not aid the employee. In *Dickens,* the employee suffered heat stroke while wearing heavy protective gear and clothing in a manufacturing job. The Labor and Industrial Relations Commission found the heat stroke job related. The appellate court affirmed, stating the clothes the employee wore on the job, combined with the physical nature of the work, were sufficient to establish a causal connection between performance of the duties and the disability. *Id.* at 486.

This court is unable to say the administrative law judge was wrong. The award was supported by competent and substantial evidence, was not against the weight of the evidence, and was not a result of an error of law. The decision adopted by the

Labor and Industrial Relations Commission is affirmed.

The employer-insurer's motion for frivolous appeal under Rule 84.19 is denied.

All concur.