Benjamin GILLEY, Claimant,

v.

RASKAS DAIRY, Employer,

and

Treasurer of the State of Missouri as Custodian of the Second Injury Fund.

No. 67605.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 1, 1995.

---

* Trustee's motion for damages pursuant to Rule 84.19 is denied.

Harry Nichols, St. Louis, for claimant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Charles B. Jellinek, Asst. Atty. Gen., St. Louis, for Second Injury Fund.

KAROHL, Judge.

Employee, Benjamin Gilley, appeals a decision of the Missouri Labor and Industrial Relations Commission (Commission) denying him compensation from the Second Injury Fund. His claim for a compensable injury sustained in September 1991, filed against his employer, was settled. We affirm.

Employee worked at Raskas Dairy for approximately sixteen years. His duties required lifting as many as 3000 bags, weighing between fifty and eighty pounds each, throughout the course of an eight-hour work day. He was also required to twist, bend and lift heavy blocks of cheese from a rack. He executed this motion about 240 times per hour. He was performing these duties in September 1991 when he injured his chest.

The record shows employee suffered from two previous work-related injuries. He testified in 1982 he ruptured a leg muscle in his right thigh. This injury caused a hematoma which kept him off work for two months. He never saw a doctor for treatment for this injury.

Employee testified his second injury occurred in 1986 when he first injured his chest. He testified the injury limited his motion and slowed him down. He returned to work immediately. He continued working his forty-hour shift and performed the same duties as before the injury.

Dr. Joseph Morrow was the only other witness who testified for employee. Dr. Morrow examined employee on three occasions, each time to rate his disabilities. On April 6, 1988, Dr. Morrow rated employee's 1986 chest injury at 20 percent of the body as a whole. He was not provided with any history of prior injuries. Specifically, employee did not mention a 1982 thigh injury.

Dr. Morrow saw employee a second time on January 16, 1993. The purpose was to rate a 1991 injury. Again employee did not inform Dr. Morrow of a 1982 thigh injury. Dr. Morrow rated employee's 1991 chest injury at 30 percent of the body as a whole. Twenty percent was associated with the 1986 injury and the additional 10 percent was due to the 1991 aggravation of that injury.

Dr. Morrow's last examination of employee occurred December 6, 1993. For the first time, employee told Dr. Morrow of his 1982 thigh injury and the weekly pain he experienced. Dr. Morrow rated this injury as causing a 20 percent permanent disability of the right lower extremity at the level of the hip. He was unaware of any work restrictions attributable to the leg problem.

On June 10, 1994, an Administrative Law Judge (ALJ) denied employee recovery against the Second Injury Fund. In relevant part, the ALJ found: (1) employee's prior injuries were not industrially disabling; and (2) the evidence was insufficient to establish the extent of a preexisting disability from the 1982 injury where Dr. Morrow did not review any medical records of this injury and none were introduced into evidence. Employee appealed.

On December 28, 1994, the Commission affirmed the ALJ's award denying compensation. The Commission adopted the findings and conclusions made by the ALJ. It made no additional, independent findings. On January 6, 1995, the Commission amended its Final Award. It added independent findings and conclusions of law after incorporating the December 28, 1994 and ALJ awards into the new award. Specifically, it found the testimony and rating by Dr. Morrow "not credible" and not supported by the medical evidence present in the hearing record. It is from this Amended Final Award which employee appeals.

■■■ Employee raises three points on appeal. They are interrelated, thus we will address them as one. An appellate court will not substitute its judgment for that of the Commission even if it would have made a different initial conclusion. *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64, 67 (Mo.App.1990). This court's review of the Labor and Industrial Commission's award is limited to a determination of whether the findings of fact are supported by substantial and competent evidence on the whole record. *Roby v. Tarlton Corp.*, 728 S.W.2d 586, 587 (Mo.App.1987). The Commission is the judge of witnesses' credibility and this court will not substitute its view of the facts for those of the Commission. *Anderson v. Em-*

*erson Electric Co.*, 698 S.W.2d 574, 576 (Mo. App.1985). The Commission is entitled to disbelieve the testimony of any witness even though no contradicting or impeaching evidence appears. *Id.* Therefore, we examine the evidence in the light most favorable to the findings and the Commission's decision, accepting all reasonable inferences therefrom and disregarding all unfavorable evidence. *Cox v. General Motors Corp.*, 691 S.W.2d 294, 296 (Mo.App.1985). But we review only the credible evidence.

■■■ In all of his points, employee argues the Commission erred because the medical evidence in the record did not support denying him compensation. The only medical evidence in the record is Dr. Morrow's testimony. The Commission specifically found this evidence not to be "credible."

The testimony and rating of Dr. Morrow (upon which the claim for Second Injury Fund liability rests) is found to be not credible, and not supported by the medical evidence present in the hearing record. Dr. Morrow did not examine a single record concerning the 1982 injury to claimant's thigh and no records were introduced into evidence detailing this injury. Furthermore, the physician did not even learn of the injury to claimant's thigh until the third time claimant visited the physician for rating his unrelated 1991 chest wall injury. Despite the lack of these records and based solely on the subjective complaints of claimant ... Dr. Morrow rated claimant's previous right thigh injury at 20%[.] Dr. Morrow saw claimant for the sole purpose of rating his disability and did not treat him.

We do not read the Commission to say that Dr. Morrow's testimony was not "credible," as in untruthful. Instead, we read the Commission to conclude that Dr. Morrow's rating of employee's preexisting conditions to not be probative because the basis for his ratings was so deficient. Thus, the effective meaning of the above paragraph is to establish the insufficiency of factual, medical evidence to support a compensation award against the custodian of the Second Injury

Fund. Applying our standard of review, we affirm.

REINHARD, P.J., and RHODES, J., concur.