Michael M. MORROW, Respondent,

v.

CITY OF KANSAS CITY,
Missouri, Appellant.

No. 71961.

Supreme Court of Missouri,
En Banc.

April 17, 1990.
Rehearing Denied May 15, 1990.

Joseph R. Hachey, Asst. City Atty., Richard N. Ward, City Atty., Kansas City, for appellant.

Scott W. Mach, Kansas City, for respondent.

James J. Wilson, City Counselor, Eckin Kistner, Asst. City Counselor, St. Louis, for amicus City of St. Louis.

Michael T. Manley, Joseph W. Moreland, Kansas City, for amicus International Assn. of Firefighters Local No. 42.

COVINGTON, Judge.

Employer, City of Kansas City, seeks review of the award of the Labor and Industrial Relations Commission in favor of Michael M. Morrow, a Kansas City fireman. The City claimed credit against an award for permanent partial disability for certain benefits paid to Morrow during the period he was unable to work. The Commission rejected the City's claim. The Missouri Court of Appeals, Western District, reversed and remanded. This Court granted transfer. The award of the Commission is affirmed.

Michael M. Morrow was injured on April 6, 1985, while fighting a fire. The injury is covered by the Missouri Workers' Compensation Act. Morrow was absent from work for 19¹/₇ weeks. During Morrow's absence, in accordance with a city ordinance, the City voluntarily paid Morrow an amount equal to his wages. The parties agree that the City is entitled to claim a credit against the statutory temporary total disability award for the amount paid by the City to Morrow while he was not working.

Morrow also received a workers' compensation award in the amount of $6,443.55 for permanent partial disability resulting from the injury. The City claims additional credit against the award for permanent partial disability for the amount paid to Morrow in excess of the statutory temporary total disability award. Morrow disagrees. This dispute presents the sole issue in the case.

The issue of credit for payments of wages or benefits against workers' compensation awards has been considered in several Missouri cases. In *Point v. Westinghouse Elec. Corp.*, 382 S.W.2d 436 (Mo. App.1964), the court allowed the employer credit for "salary extension payments" made to claimant in excess of her temporary total disability against an award for permanent partial disability. The decision was based upon § 287.160.3, RSMo 1959, which provided the employer was entitled to the credit. In *Strohmeyer v. Southwestern Bell Tel. Co.*, 396 S.W.2d 1 (Mo. App.1965), an employer was held entitled to credit, under § 287.160.3, RSMo 1959, for "accident disability benefits" paid to claim-

ant against the claimant's award for temporary total and permanent partial disability. The court found that the payments made to claimant were benefits paid to the claimant on account of his injury. The court further found that such payments were never treated as wages in that deductions ordinarily made from claimant's wages were not taken and claimant was not actually working at the time the payments were made. *Id.* at 8.

In the case of *Evans v. Missouri Util. Co.*, 671 S.W.2d 812 (Mo.App.1984), a collective bargaining agreement provided for payment of ninety percent of the employee's "regular rate of pay" in case of disability covered by workers' compensation law. Claimant was injured in 1977 and was granted an award under § 287.160, RSMo 1969. The trial court allowed the employer to reduce an award for combined temporary and permanent partial disability by the amount paid during the claimant's absence from work. The court of appeals reversed and refused credit for the excess amount. The court held that the payments made during claimant's absence from work were paid as an obligation under terms of the collective bargaining agreement and were not "benefits paid ... on account of the injury" as defined in § 287.160.3, RSMo Supp.1983. The court noted that in a workers' compensation case all doubts are to be resolved in favor of the employee. *Id.* at 815.

In *Essick v. City of Springfield*, 680 S.W.2d 777 (Mo.App.1984), claimant was awarded $7,805.00 for temporary total disability as the result of an accident. The employer paid the claimant a supplemental amount based on a provision in what the court described as a collective bargaining agreement between city utilities and IBEW Union. Later claimant received an award for $8,352.00 for permanent partial disability. The employer contended that under § 287.100, RSMo 1978, and § 287.160.3, RSMo Supp.1981, the supplemental payments could be credited against the payment due for permanent partial disability. At that time both statutes specifically stated the employer was entitled to credit.

Section 287.100, RSMo 1986, provides in pertinent part: "... Nor shall anything in this chapter be construed as interfering with the right of any public employee to draw full wages, or collect and retain his full fees, so long as he holds his office, appointment or employment, but the period during which the same are received after the injury shall be deducted from the period of compensation payments due hereunder." The court, however, followed *Evans* and said payments were made as an obligation under a collective bargaining agreement and that neither § 287.100, RSMo 1978, nor § 287.160.3, RSMo Supp.1981, applied. The court did not discuss the appropriateness of the collective bargaining agreement under Missouri law.

In *City of St. Louis v. Grimes*, 630 S.W.2d 82 (Mo. banc 1982), this Court permitted the public employer to deduct from an award for permanent partial disability the amount paid in excess of temporary total disability. The case followed *Point v. Westinghouse* and *Strohmeyer v. Southwestern Bell* involving private companies. The decision was based on § 287.100 and § 287.160.3 which, in 1982, provided for credit.

In 1983, subsequent to the 1982 *Grimes* decision, which allowed credit for excess payments over workers' compensation awards under § 287.160.3, RSMo 1978, the legislature amended the section and changed the provision from "The employer shall be entitled to credit for wages paid ..." to "The employer shall not be entitled to credit for wages paid...." This is a complete reversal of § 287.160.3, and apparently came as a result of the decision in *Grimes*. The case presently before the Court is the first involving the amended statute.

During Morrow's absence from work, the City voluntarily made payments to Morrow in an amount equal to his wages under authority of § A9.113 of the Kansas City Administrative Code which provided:

"Subject to the finding of the city attorney that an employee is absent from duty and unable to perform the duties of his employment with the city because of injury sustained by accident arising out of and in the course of employment, such employee's regular salary may be paid for a period not to exceed one (1) year from the date of injury. Such continuance of salary shall be paid in lieu of compensation for temporary disability provided under the Workmen's Compensation Law and shall be subject to the right of subrogation provided under section 287.150 and the credit provided under section 287.160(3), Missouri Revised Statutes. (C.S.Ord. No. 32371, 2–3–67; Ord. No. 37510, 1–9–70)."

■ Both parties seek relief, although on different bases, pursuant to terms of a "memorandum of understanding" into which the City and the firemen's labor union entered in 1984. The memorandum was in effect at the time of the injury and made reference to § A9.113, *supra:* "Subject to the provisions of Section A9.111 through Section A9.114 of the Administrative Code, members of the firefighting service, who are injured in the line of duty may receive full salary while their incapacity exists not to exceed one (1) year...." The memorandum also, by its reference to § A9.113, appears to contemplate a credit provided under § 287.160.3, RSMo 1978. At the time of enactment of the ordinance that statute read: "The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury, except for liability under section 287.140[, RSMo 1978]." (medical benefits).

The very existence of the memorandum of understanding in this case forms the basis for much of the confusion surrounding the controversy. Citing *Essick, supra,* Morrow contends the payments made to him are based on the memorandum and are not subject to the offset provided under § 287.100. The City argues that § 287.160.3, as it read prior to the 1983 amendment, controls because it is that statute to which the memorandum relates.

Neither party is afforded relief by the memorandum of understanding. This Court has held that a city is not authorized

to enter into a binding collective bargaining agreement. *See Sumpter v. City of Moberly,* 645 S.W.2d 359, 360 (Mo. banc 1982) and § 105.520, RSMo 1986. Under § 105.520, RSMo 1986, public bodies are required to meet with labor union representatives and discuss proposals. The "results" of the discussions are to be reduced to writing and "presented to the appropriate ... governing body in the form of an ordinance, resolution, bill or other form required for adoption." *Sumpter* holds that such writing is not a binding agreement and the terms can be changed unilaterally by the public body without approval by the employee labor organization. *Id.* at 363, n. 4. The memorandum of understanding is without application in this case.

■■ The City also argues that § 287.160.3, as it read prior to the 1983 amendment, controls because the ordinance refers to that particular statute. The City's argument fails. A municipal ordinance must be in harmony with the general law of the state and is void if in conflict. *Rapp v. City of Northwoods,* 769 S.W.2d 815, 818 (Mo.App.1989). In determining whether an ordinance conflicts with general laws, the test is "whether the ordinance permits that which the statute forbids and prohibits, and vice-versa." N. Singer, *Sutherland Stat. Const.* § 30.05 (4th ed. 1985). The powers granted a municipality must be exercised in a manner not contrary to the public policy of the state and any provisions in conflict with prior or subsequent state statutes must yield. *Carson v. Oxenhandler,* 334 S.W.2d 394, 397 (Mo. App.1960).

■ As another argument for credit, the City grounds its claim in § 287.100, RSMo 1986, which provides: "... Nor shall anything in this chapter be construed as interfering with the right of any public employee to draw full wages, or collect and retain his full fees, so long as he holds his office, appointment or employment, but the period during which the same are received after the injury shall be deducted from the period of compensation payments due hereunder." In response, Morrow contends the City is not entitled to credit against his

award for permanent partial disability, basing his position on § 287.160.3, RSMo 1986, which provides that the employer is not entitled to a credit for wages or pay benefits paid to the employee on account of injury or death, with exceptions not applicable here. As noted, *supra,* the legislature amended § 287.160.3 in 1983 to controvert the earlier statute and prohibit credit.

■ The difficulty arises in that the legislature did not amend or repeal § 287.100, which continues to permit the employer to claim credit for wages to reduce a workers' compensation recovery. Sections 287.100 and 287.160.3, RSMo 1986, are thus in conflict insofar as credit against permanent partial disability benefits is claimed for payment of benefits equal to wages. When two statutes are repugnant in any of their provisions, the later act, even without a specific repealing clause, operates to the extent of the repugnancy to repeal the first. *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 63 (Mo. banc 1983); *City of Kirkwood v. Allen,* 399 S.W.2d 30, 34 (Mo. banc 1966). Section 287.160.3, RSMo 1986, being the later expression of the legislature on the subject, must control. The employer is not entitled to credit.

*Amicus Curiae* City of St. Louis, in an attempt to harmonize the statutes, contends that, since the City of Kansas City is required to pay full wages by ordinance, it is entitled to the credit provided in § 287.100. *Amicus* argues that the language of § 287.160.3, "on account of the injury or death," renders this provision applicable only to voluntary payments made by the employer and that § 287.100 applies to payments made pursuant to an extrinsic obligation, either a law or a bargaining agreement. *See, Evans,* 671 S.W.2d at 815. *Amicus* barely alludes to the fact that *Evans* addressed the previous version of § 287.160.3 which permitted the employer a credit for making payments in excess of temporary total disability. In construing § 287.160.3 as amended, however, the opposite result would occur. The payment "on account of the injury" distinction is contrived and irrelevant. The two statutes cannot reasonably be harmonized.

The City made payments to Morrow in an amount equal to his wages. These payments constituted a benefit, or compensation, for Morrow's injury to cover the period during which he was not working. Section 287.160.3, RSMo 1986, precludes the City's claim for credit against the award to Morrow for permanent partial disability, payable after Morrow's return to work.

The award of the Commission is affirmed.

All concur.