**Ruby E. FISCHER,**
**Claimant–Appellant–Cross–Respondent,**

v.

**ARCHDIOCESE OF ST. LOUIS–CARDI-**
**NAL RITTER INSTITUTE,**
**Employer–Respondent–Cross–Appellant.**

Nos. 57388, 57520.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 24, 1990.

Charles A. Mogab, Nancy R. Mogab, St. Louis, for claimant-appellant-cross-respondent.

David S. Ware, James Snyder, St. Louis, for employer-respondent-cross-appellant.

STEPHAN, Judge.

This is a workers' compensation action tried before an Administrative Law Judge ("ALJ") who ruled that claimant, Ruby Fischer, had sustained a permanent and total disability and was entitled to compensation at the rate of $110.00 per week, with past due benefits for 93⅗ weeks. Employer, the Archdiocese of St. Louis—Cardinal Ritter Institute, appealed to the Labor and Industrial Relations Commission, ("Commission") which affirmed the finding of permanent and total disability, but modified the compensation rate to $85.39 per week. Both parties appeal from the Commission's final award pursuant to § 287.495, RSMo 1986.

In July 1985, claimant, who was sixty-three years of age, began working for employer as a homemaker for invalids. She traveled from house to house taking care of people, cleaning their homes, cooking their meals and, if necessary, bathing them. She was told she would earn $3.70 per hour and would start out working four hours per day.

Claimant was injured on September 14, 1985 while trying to lift a man out of a wheelchair. Both she and the man fell to the ground, with the man falling on top of her, injuring her back and neck. She reported the injury to employer and was told to go to the Macon Medical Clinic. The clinic released her to return to work on September 30, 1985, which she attempted to do. She was, however, only capable of working twenty minutes before the pain in her back became too severe. Claimant reported the problem to employer and was told to return home. Claimant testified that she stayed home in bed after her failed attempt to return to work. She did not return to Macon Medical Clinic until October 29, 1985, at which time she was

referred to Dr. Arnot, an orthopedic surgeon.

Dr. Arnot determined that employee had sustained a sprain of her neck and lower back. He recommended a corset, a conservative care program, exercise and physical therapy. He also admitted employee into the hospital for diagnostic testing which indicated mild spinal stenosis.

Employee suffered additional injury in February 1986, when she fell. She testified that her legs just gave out. She fell a second time in March 1986 for the same reason. It was Dr. Arnot's opinion that these falls were not caused by employee's back injury.

After employee's final visit, Dr. Arnot made the following recommendation:

> She is not capable of lifting patients but I feel that she could lift objects not weighing more than twenty pounds occasionally and could lift five or ten pounds frequently. In addition, any job would have to be restricted with no prolonged standing or walking.

Employee was also examined by Dr. Shuter, a neurologist, at her attorney's request. Dr. Shuter diagnosed that employee had aggravated a pre-existing spinal stenosis due to degenerative osteoarthritis and degenerative disc disease and a chronic strain of the lumbar spine, chronic strain of the cervical spine with aggravation of pre-existing cervical osteoarthritis, chronic post-traumatic headaches and traumatic costochondritis of the left lower ribs. He stated that these conditions are the result of employee's injury in September 1985.

Dr. Shuter testified that employee was totally and permanently disabled. He further stated that she was not able to return to her job, but that she might be able to perform some sedentary work.

We will review employer's appeal first because it attacks the substance of the award. Employer raises three points: 1) That the Commission's award affirming the ALJ's finding that claimant suffered injury to her ribs, left ankle and suffered headaches is erroneous because it goes against the weight of the expert testimony; 2) That the award of permanent and total disability is not supported by substantial and competent evidence on the whole record; and, 3) That the finding that a healing period and temporary and total disability were inapplicable is erroneous because it goes against the weight of the expert testimony.

We review the record in the light most favorable to the Commission's decision, deferring to the Commission on issues involving credibility and weight to be given to conflicting evidence. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984). We are bound to affirm the award if it is supported by substantial and competent evidence on the whole record. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App.1988). We may not substitute our judgment on issues of fact for the judgment of the Commission. *Id.* Only when the award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence is it disturbed. *Id.* All provisions of the Workers' Compensation Act must be liberally construed; accordingly, we resolve all doubts in favor of the employee. § 287.800, RSMo 1986; *Hall v. Wagner Division—McGraw–Edison*, 755 S.W.2d 594, 596 (Mo.App.1988).

Employer's first and third points both maintain that certain findings of the Commission are not supported by substantial and competent evidence because they are contrary to the expert medical testimony. In a workers' compensation case, the claimant carries the burden of proving all essential elements of the claim. *Anderson v. Electric Storage Battery Company*, 433 S.W.2d 73, 75 (Mo.App.1968). Claimant must establish a causal connection between the accident and the injury. *Martin v. City of Independence*, 625 S.W.2d 940, 942 (Mo.App.1981). Claimant does not, however, have to establish the elements of her case on the basis of absolute certainty. It is sufficient if she shows them by reasonable probability. *Tate v. Southwestern Bell Telephone Co.*, 715 S.W.2d 326, 329 (Mo.App.1986). "Probable means founded on reason and experience which inclines the

mind to believe but leaves room for doubt." *Id.*

Evidence presented by claimant was sufficient to show a reasonable probability that she was injured and that there was a causal relationship between the accident and her injury. The testimony was conflicting, but the Commission is charged with passing on the credibility of all witnesses and may disbelieve testimony absent contradictory evidence and the acceptance or rejection of any lay or expert testimony may not be disturbed on review unless its acceptance or rejection is against the overwhelming weight of the evidence. *Hall,* 755 S.W.2d at 596. This is true even though the Commission does not see or hear the witnesses. *Id.* The Commission's awards on disability claims are not solely dependent on medical evidence given by expert witnesses, but its findings are to be judged on the basis of the evidence as a whole. *Nelson v. Consolidated Housing Development and Management Company,* 750 S.W.2d 144, 148 (Mo.App.1988). The testimony of the claimant, or other lay witnesses, as to fact within the realm of lay understanding can constitute substantial evidence of the nature, cause and extent of the disability especially when taken in connection with, or where supported by, some medical evidence. *Ford,* 677 S.W.2d at 904. The Commission is authorized to base its findings and award solely on the testimony of a claimant; her testimony alone, if believed, constitutes substantial evidence. *Id.*

Claimant's testimony, along with the testimony of Dr. Shuter, constituted substantial and competent evidence on the whole record. Claimant presented evidence, and it was stipulated, that she was injured during the course of her employment. She accepted the medical treatment provided by employer and attempted to return to work, but only lasted twenty minutes before the pain in her back became too severe. She also testified that the subsequent falls were due to her legs giving out on her. Dr. Shuter testified that all conditions diagnosed, spinal stenosis, lumbar strain, cervical spine strain, headaches and the traumatic costochondritis of the left lower ribs, were the result of the September 1985 accident.

The Commission acted within its discretion in accepting this testimony as substantial and competent evidence on the whole record. Employer's points I and III are denied.

Employer's second point alleges that the award of permanent and total disability was not supported by substantial and competent evidence. Section 287.020(7), RSMo 1986, provides, "The term 'total disability' as used in this chapter shall mean inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident."

The test for permanent and total disability is whether, given the claimant's total situation and condition, she is competent to compete in the open labor market in that it measures the worker's prospects for returning to employment. *Patchin v. National Super Markets, Inc.,* 738 S.W.2d 166, 167 (Mo.App.1987). It is not necessary for the claimant to show she is completely inactive; the central question is whether, in the ordinary course of business, any employer would reasonably be expected to hire her in her present physical condition and reasonably expect her to perform the work for which she is hired. *Crum v. Sachs Electric,* 769 S.W.2d 131, 136 (Mo.App.1989).

Claimant presented evidence that working was too painful for her to endure. Dr. Shuter stated she could probably do sedentary work if she was qualified for it and if someone would hire a sixty-three year old woman with chronic back pain. Given the whole scenario, including the fact of claimant's very meager education, we find that the Commission had substantial and competent evidence on the whole record to find claimant was permanently and totally disabled. Point II is denied.

Claimant raises one point on appeal. She asserts that the Commission erred in computing her daily wage rate based on part-time hours. She argues that

because she was promised eventual full-time work, the compensation rate should have been determined on that basis.

The Commission's award was based on § 287.250(4), RSMo 1986, which reads:

As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in the computation.

Both parties agree that this is the applicable provision in this case.

The Commission found that employee's daily wage should be based on six hours of work per day. The computation was, therefore, as follows:

$3.70 per hour × 6 hours per day = $22.20
$22.20 per day × 300 days per year = $6,660.00
$6,660.00 per year divided by 52 weeks = $128.08
$128.08 per week × 66⅔% (§287.200–1(1)) = $85.39

Claimant directs us to *Noland v. George Tatum Mercantile Company*, 313 S.W.2d 633 (Mo.1958). There, the employee was hired to perform one task, trimming branches from a tree, at $1.50 per hour. Employee was totally and permanently disabled when he fell thirty feet to the ground. Employer testified that extra employees were always hired on the basis of eight hour work days if the job was going to last more than one day. There was also testimony estimating that the trimming should have taken approximately two hours. Employer's ledger indicated $6.00 had been paid to employee on the basis of four hours work. Our Supreme Court held that the "usual–8–hour–day–for–extra–help testimony ... showed that the kind of employment in which Noland was engaged contemplated, wherever there was a day's work or more than a day's work, an 8–hour day at $1.50 per hour or a $12 daily wage." *Id.* at 638.

Employee testified she was hired to work part-time, and that she never worked more than six hours on a given day. Her testimony regarding the promise of full-time work was less than definite; and, therefore, it was within the Commission's discretion to discredit the testimony. *Ford*, 677 S.W.2d at 901. We find that the Commis-

sion's determination was supported by substantial and competent evidence on the whole record.

The Commission's award is affirmed in its entirety.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.