**Mary BEWIG, Claimant–Appellant,**

v.

**SCHNUCKS MARKETS,**
**Employer–Respondent.**

**No. 59140.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 21, 1991.

Harry James Nichols, St. Louis, for claimant-appellant.

John J. Johnson, Jr., Brown, James & Rabbitt, St. Louis, for employer-respondent.

CRANDALL, Chief Judge.

Claimant, Mary Bewig, appeals from a workers' compensation award issued by the Labor and Industrial Relations Commission (Commission). We affirm.

The evidence discloses that, on January 3, 1986, claimant was injured in an accident, arising out of and in the course of her employment, while she was working at Schnuck's Markets (employer). She was a part-time employee when the injury occurred, earning $5.95 to $6.95 an hour and working 4 to 7 hours per day. Commission used the following steps to compute the compensation award: first, Commission calculated the average daily wage based on claimant's hourly wage and the number of hours worked at the time of the injury; then Commission applied the 300–day rule of Section 287.250(4), RSMo (1986) to compute claimant's annual earnings.

The first five subdivisions of Section 287.250, RSMo (1986) dealing with compensated employees provide that:

The basis for computing the compensation provided for in this chapter shall be as follows:

(1) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings if in the employment of the same employer continuously

during the year next preceding the injury;

(2) Employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employee was employed at the time of the accident uninterrupted by absence from work due to illness or any other unavoidable cause;

(3) If the injured person has not been engaged in the employment and same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location (or if that be impracticable, of neighboring employments of the same kind) have earned during the period;

(4) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in the computation;

(5) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, that number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings; provided, the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred. . . .

Subdivisions (1), (3), (4), and (5) are to be applied in descending order; and, collectively, they provide a basis for computing the compensation due an employee who works for wage or salary. (Subdivision (2) is definitional). *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 108 (Mo. banc 1989).

■ On appeal, claimant first alleges that Commission should have applied Section 287.250(3), RSMo (1986) instead of Section 287.250(4).[1] We disagree. Here,

claimant was a part-time employee at the time of her injury. Subsections (1) and (3) of Section 287.250 apply only to full-time employees. *Martin*, 769 S.W.2d at 108. Subsection (3) is therefore not applicable.

■ Because subsections (1) and (3) do not apply to the claimant in this case, subdivision (4) must be considered next. That subdivision applies where employment is available throughout the year even if the injured employee is on a limited schedule. *Martin*, 769 S.W.2d at 111. Claimant was a part-time employee and employer acknowledges that employment was available year-round. The Commission's use of Section 287.250(4) was therefore proper. Claimant's first point is denied.

■ Claimant next contends that if Section 287.250(4) applies, the average daily wage should be calculated using the highest number of hours claimant worked per day.

Commission's average daily wage calculation was based on claimant's own testimony as to her hourly wage and hours worked per day. It was within Commission's discretion to give credit to this testimony. We find that Commission's determination of claimant's average daily wage was supported by competent and substantial evidence on the record. *See, e.g., Fischer v. Archdiocese of St. Louis*, 793 S.W.2d 195, 198 (Mo.App.1990). Plaintiff's second point is denied.

The compensation award of Commission is affirmed.

SIMON and REINHARD, JJ., concur.

---

**1.** In her brief, claimant argues Commission erroneously applied Section 287.250(5). We assume that this is a typographical error because the Commission, in fact, applied Section 287.250(4).