**Lynn CAMPBELL, Claimant–Respondent,**

v.

**CITICORP MORTGAGE, INC., Employer–Appellant.**

No. 69455.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1996.

Evans & Dixon, Mark R. Kornblum, St. Louis, for appellant.

Randall S. Parker, St. Louis, for respondent.

KAROHL, Judge.

Citicorp Mortgage, Inc. (Citicorp), employer, appeals from award of disability benefits to Lynn Campbell, (Claimant), by the Labor and Industrial Relations Commission. Citi-

corp argues: 1) sick-leave payments made to Claimant satisfy the requirements of § 287.270 RSMo 1986; and, 2) the Commission had no jurisdiction to order reinstatement of sick leave benefits. There is no dispute Claimant sustained 17 1/2% permanent partial disability of the right leg at the knee. We affirm.

The evidence supporting the Commission's finding was: On May 21, 1992, Claimant was injured in an accident arising out of and in the course of employment. She was off work from May 21 to June 15, 1992. Citicorp paid medical expenses of $10,413.61 and sick leave benefits in the amount of $480.54 bi-monthly.

Claimant received a check in the amount of $653 from Crawford and Company, administrators for workers' compensation claims against Citicorp. She called Citicorp's Worker's Compensation Representative, Kathy Busher, in regard to the $653 check. Busher told her she was not entitled to the check because she was getting sick leave payments. Claimant was advised to return the check to Busher and did so.

In its first point Citicorp argues the Commission erred in its award because its sick leave payments to Claimant satisfy its workers' compensation liability prescribed in §§ 287.160.5 RSMo Cum.Supp.1990 and 287.270 RSMo 1986. However, § 287.160.5 RSMo 1990, states [1]:

> The employer shall not be entitled to credit for wages or such pay benefits paid to the employee or his dependents on account of the injury or death except as provided in section 287.270.

Section 287.270 RSMo 1986, follows in pertinent part:

> No savings or insurance of the injured employee, nor any benefits derived from any other source than the employer or the employer's insurer for liability under this chapter, shall be considered in determining the compensation due hereunder; except, that employers of professional athletes under contract shall be entitled to full credit for wages or benefits paid to the employee after the injury ...

■ We review facts in the light most favorable to the Commission's findings. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). We review questions of law de novo. *Id.*

■ The Missouri Supreme Court addressed the policy behind Worker's Compensation in *West v. Posten Const. Co.*, 804 S.W.2d at 745 (*citing Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983)):

> The fundamental purpose of the Worker's Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment.... The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class.... Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. (Citations omitted.)

Citicorp relies on *Buie v. Ford Motor Co.*, 743 S.W.2d 480 (Mo.App.1987); *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W.2d 485 (Mo.App.1975); *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1 (Mo.App.1965); and, *Point v. Westinghouse Electric Corp.*, 382 S.W.2d 436 (Mo.App. 1964). It contends the interpretation of legislative intent in *Buie, Cowan, Strohmeyer,* and *Point* supports a credit for an employer for sick leave payments as an offset against workers' compensation payments. In *Point,* the case upon which the other cases rely, "the decision was based upon § 287.160.3 RSMo *1959,* which provided the employer was entitled to the credit." (Our emphasis). *Morrow v. City of Kansas City,* 788 S.W.2d 278 (Mo. banc.1990). Section 287.160.3 RSMo 1959 provided, "The employer shall be entitled to credit for wages paid the employee after the injury ..." This section was amended in 1983 to read "The employer shall *not* be entitled to credit for wages ... " (Our emphasis). *Point, Strohmeyer* and *Cowan* were decided on the basis of the 1959 statute, prior to the 1983 amendment. *Buie* was decided after the amendment, but applied pre-amendment provisions. Thus, Citicorp's

---

1. In 1990, § 287.160, subsection 3 was designated as subsection 5.

reliance on the pre–1983 amendment cases is misplaced. The addition of the word "not" was an obvious reversal of prior legislative intent.

Claimant cites *Davies v. Carter Carburetor, Div. ACF Indus., Inc.*, 429 S.W.2d 738 (Mo. banc 1968); *Ford Motor Co. v. Dickens,* 700 S.W.2d 484 (Mo.App.1985); and, *Morrow v. City of Kansas City,* 788 S.W.2d at 278, as supporting authorities for the Commission's decision. In *Davies,* a pre-amendment case, the injured employee received payments under a Health and Accident policy, for which the employer received no credit. *Davies v. Carter Carburetor, Div. ACF Indus., Inc.,* 429 S.W.2d at 752. In *Ford,* the employer paid the injured employee $230 per week under the company's sickness and accident program. *Ford Motor Co. v. Dickens,* 700 S.W.2d at 488. *Ford* held "the Commission's final award of compensation is proper and the award is not subject to any set-off due to appellant's payments under the collective bargaining agreement." *Id.* In *Morrow,* the Missouri Supreme Court found § 287.160.3 RSMo Supp.1983, as amended, prohibited an employer's receiving credit against permanent partial disability compensation for wages or pay benefits paid to an employee on account of an injury. *Morrow v. City of Kansas City,* 788 S.W.2d at 281.

■ This case is analogous to *Ford.* Citicorp is claiming a credit against its permanent partial disability liability in the amount of sick leave payments it made to Claimant while she convalesced after her injury. The sick leave payments were in accord with its own company policy and employee benefit. Citicorp agreed to pay employees during periods of illness without reference to compensable injury. There was evidence Citicorp accrued sick leave benefits with a carry-over from year to year, if the employee did not deplete them. Citicorp's sick leave payments were a benefit unrelated to requirements of Chapter 287, Workers' Compensation Law.

■ In interpreting Chapter 287, "we must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms." *Frazier v. Treasurer of Missouri,* 869 S.W.2d 152, 156 (Mo.App. E.D.1993)(*citing Morton v. Brenner,* 842

S.W.2d 538, 541[6] (Mo. banc 1992)). Section 287.160.5 refers to § 287.270. They must be interpreted together. Section 287.160.5 RSMo Cum.Supp.1990 prohibits an employer from receiving workers' compensation credit for wages or benefits paid to an employee on account of injury or death. Sick leave payments are an employee benefit. Thus, § 287.160.5 excludes a credit for sick pay. Section 287.160.5 by reference to § 287.270, provides an exception, not applicable here, for employers of professional athletes. Otherwise, § 287.270 denies credit to an employer unless the employer has specifically made payments to meet its workers' compensation liability. The Commission did not err in refusing to credit Citicorp for sick leave payments made to Claimant.

Citicorp's second point asserts the Commission was without jurisdiction to order it to reinstate Claimant's sick leave benefits. The premise for this contention fails. The Commission's award actually states: "The employer may reinstate the employee's sick leave." The word "may" was permissive. The Commission did not order Citicorp to reinstate sick leave benefits.

We affirm.

REINHARD, P.J., concurs.

GRIMM, J., concurs in result only.