**Robert COOK,**
**Claimant/Respondent/Appellant,**

v.

**SUNNEN PRODUCTS CORPORATION,**
**Employer/Appellant/Respondent.**

Nos. 69300, 69347.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 8, 1997.

Application to Transfer Denied
Feb. 25, 1997.

Jeffrey M. Proske, Evans & Dixon, St. Louis, for Claimant/Respondent/Appellant.

Douglas S. Salsbury, The Miller/Salsbury Law Firm, Eureka, for Employer/Appellant/Respondent.

PUDLOWSKI, Judge.

Sunnen Products Corporation (employer) appeals an award of permanent partial disability benefits by the Labor and Industrial Relations Commission (Commission) to Robert Cook (claimant). Claimant appeals the Commission's denial of temporary total disability, as well as the size of the permanent partial award. We affirm in part and reverse in part.

## I. Background

On April 1, 1991, claimant was cutting grass for the employer on a steep hill. As he was mowing a horizontal path across the upper part of the hill, claimant lost his foothold. The mower began sliding sideways and down the hill. As claimant attempted to regain control of the mower, he lost his balance, stepped in a hole, and fell backwards, injuring his neck and back. According to claimant, this was the only trauma to his back he suffered from April until he was diagnosed with a herniated disc.

Claimant immediately experienced pain which, although focalized in the middle of his back, ran the entire length of his back. He reported the accident and injury to his supervisor. He was then sent to Macon Medical Center, where he was diagnosed with a back strain and released.

Claimant returned to work several days later. Eventually, though, he began to experience numbness in his fingers. The numbness became worse and spread into his arms, hands and legs. Claimant said he experienced the tingling shortly after the April accident. The employer argued the numbness did not begin until after a July "driving incident" when claimant slightly turned his head.

Over the course of the next several months, claimant continued to experience severe tingling in his hands and began to experience severe fatigue. Several doctors examined claimant and performed a variety of tests. On August 7, 1991, an MRI revealed a large herniated disc at C5–6 which compressed the spinal cord. On October 9, 1991, claimant was provided a work excuse by his treating physician to discontinue work. On October 23, 1991, Dr. Kong–Woo Peter Yoon performed an anterior cervical discectomy on claimant. Claimant remained off work under physician restrictions until December 21, 1991. Over the course of that time, the employer paid claimant his full salary.

Claimant then filed a claim for compensation. On June 29, 1994, an administrative law judge (ALJ) issued his findings. The ALJ found the accident of April 1, 1991, produced an injury which was "medically and causally the substantial factor which produced the claimant's herniated disc." The ALJ found claimant sustained a permanent partial disability (PPD) of 30% of the whole person. The ALJ also awarded claimant temporary total disability (TTD). The employer and claimant appealed.

On appeal, the Commission affirmed the ALJ's findings in part and reversed in part. The Commission found the April accident was the cause of the herniated disc. The Commission also affirmed the ALJ's award of 30% PPD. However, the Commission found that while claimant was only entitled to TTD from October 9, through December 21, since the employer had paid claimant's full salary, the employer was not required to pay any TTD. Both the employer and claimant appealed the Commission's decision.

On appeal the employer contends: 1) the Commission's conclusion that the injury was caused by the April accident is not supported by substantial and competent evidence or is contrary to the weight of the evidence; and 2) the Commission applied the wrong standard by requiring the employer to show an alternative cause. Claimant contends on appeal: 1) the Commission's award of only 30% PPD is not supported by substantial and competent evidence; and 2) the Commission erred by treating the employer's payment of full salary as compliance with TTD owed by the employer. We will address each of these in turn.

## II. Standard of Review

 Before addressing the issues brought by the employer and claimant on appeal, it is important to examine the burden placed on the various parties in a workers' compensation case. In a workers' compensation proceeding, all doubts should be resolved in favor of the employee and in favor of coverage, but a claim will not be validated where some essential element is lacking. *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574, 576 (Mo.App. W.D.1992). The claimant has the burden of proving all the essential elements of the claim and must establish a causal connection between the accident and the injury. *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Institute*, 793 S.W.2d 195, 198 (Mo.App. E.D.1990). The claimant does not, however, have to establish the elements of his case on the basis of absolute certainty. *Id.* It is sufficient if he shows them by reasonable probability. *Id.* "Probability means founded on reason and experience which inclines the mind to believe but leaves room for doubt." *Id.* at 198–99; *Ellis v. Western Elec. Co.*, 664 S.W.2d 639 (Mo. App.1984).

 In reviewing a decision of the Commission, it is equally important to remember the standard by which this court is guided.

The standard was set forth in *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo. App. W.D.1995):

In cases decided subsequent to the adoption of what is now Article V, § 18 of the Missouri constitution, the appellate courts of this state, led by our Supreme Court, have adopted and applied a two-step review process designed to determine whether the Commission could have reasonably made its findings and award upon consideration of *all* the evidence before it. First, the reviewing court examines the records, together with all reasonable inferences to be drawn from the evidence therein, in the light most favorable to the findings and award of the Commission to determine whether they are supported by competent and substantial evidence. If so, the reviewing court must then determine whether the Commission's findings and award, even though supported by some competent substantial evidence, were nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole records before the Commission. [Cites omitted]. In other words, the factual findings and resulting award of the Commission should be set aside on appeal if they are not supported by competent and substantial evidence *or,* even if supported by such evidence, if they are clearly contrary to the overwhelming weight of the evidence. Otherwise, the Commission's award is to be affirmed.

*Davis,* 903 S.W.2d at 565. [emphasis in original]. Therefore, this court can disturb the Commission's decision only if there is no competent and substantial evidence to support the Commission's award or, in the alternative, such evidence is clearly contrary to the overwhelming weight of the evidence. If this does not exist, then we must affirm. In reviewing the decision, we must examine the entire record. In so doing, we must liberally construe all provisions of the Workers' Compensation Act to resolve all doubts in favor of the employee. § 287.800 RSMo; *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Institute,* 793 S.W.2d 195 (Mo.App. E.D.1990).

III. Employer's Issues on Appeal

A. *Whether the Commission's decision that the injury was caused by the April accident is supported by competent and substantial evidence or is contrary to the overwhelming weight of the evidence.*

In the employer's first and second points on appeal, it argues the Commission's decision that the injury was caused by the April accident is not supported by competent and substantial evidence. On its first point, the employer states that because Dr. Yoon, the doctor found most credible by the Commission, only said that the April accident *could* have been the cause of claimant's injury, this is not sufficient evidence to support an award for disability. In its second point, the employer simply argues the evidence does not support the Commission's decision the April accident was the cause of the injury. We disagree on both points.

■ In its first point, the employer correctly states the ALJ found Dr. Yoon to be the most credible doctor. The Commission then adopted the findings of the ALJ. The employer notes when Dr. Yoon testified, the best he could say was the April accident *could* have caused the herniated disc. Because the ALJ found Dr. Yoon to be the most credible doctor and because the best Dr. Yoon could say was the April accident *could* have caused the injury, the employer argues this is not enough to support the Commission's decision.

In support of its argument, the employer cites *White v. Henderson Implement,* 879 S.W.2d 575 (Mo.App. W.D.1994). In *White,* the claimant's doctor, whom the Commission found to be the more credible of the two doctors, testified it was possible the claimant's injury was related to the incident at work. In reversing the Commission's award of disability, this court stated that because:

[the doctor's] testimony, taken as a whole, amounts to no more than an assurance that it is scientifically possible for [the claimant's injury to have been work-related] . . . [the doctor's] testimony is not sufficiently definite to constitute substantial evidence that [the claimant's injury was work-related].

*White,* 879 S.W.2d at 580–81. This employer points to *White* and argues that since Dr. Yoon said the April accident *could* have caused the claimant's herniated disc, this is not enough. However, we believe *White* is distinguishable for two reasons. First, in *White,* there was conflicting testimony from the claimant's doctor and the employer's doctor over whether the injury was work-related. In *White,* the employer's doctor specifically denied the injury was work-related, while the claimant's doctor said it was scientifically possible. *White,* 879 S.W.2d at 576–77. No doctor testified the injury was definitely work-related. In this case, no doctor testified the injury was *not* work-related. Dr. Raymond Cohen, claimant's doctor, testified the April accident was definitely the cause of the injury. Dr. Yoon testified with certainty it could have been the cause. Even Dr. Myers, the employer's physician, testified it was possible the April accident was the cause of the injury. No where does Dr. Myers testify the injury was not related to the April accident.

Second, the *White* claimant's doctor could only testify that it was *a mere scientific possibility* the injury was work-related. Here, Dr. Yoon's testimony was more definite. He testified it was "very possible" the April accident was the cause of the injury. For these reasons, we do not believe *White* controls. We believe Dr. Yoon's testimony on the whole was sufficient to establish causation. *Choate v. Lily Tulip, Inc.,* 809 S.W.2d 102 (Mo.App. S.D.1991), *rehr'g denied.* Point one denied.

■ In it's second point on appeal, the employer argues the evidence on the whole does not support the Commission's finding the April accident caused the injury. Remembering that we must examine *all* the evidence when reviewing the Commission's decision, *Davis,* 903 S.W.2d at 565, we find substantial and competent evidence to support the Commission's decision. Dr. Raymond Cohen, a board certified neurologist, testified that it was his "medical opinion that the disc herniation as well as the cervical myelopathy were due to the work-related injury occurring on or about 4–1 1991." Dr. Yoon's testimony, taken in whole, supports the idea that the April incident was the cause of the injury.

As required by *Davis,* we must also examine whether the finding, despite substantial and competent evidence, is clearly contrary to the overwhelming weight of the evidence. This we cannot say. There is no evidence within the record from Dr. Cohen, Dr. Yoon, or even the employer's own doctor, Dr. Myers, which says the April accident was not the cause of the herniated disc.

Because there is competent and substantial evidence to support the Commission's finding that the April accident caused the injury, and because the decision is not contrary to the overwhelming weight of the evidence, we must not disturb the Commission's finding. *Davis,* 903 S.W.2d at 565. Points one and two of the employer's appeal are denied.

B. *Whether the Commission applied the wrong standard of review in requiring the employer to show an alternative cause.*

In the employer's third point on appeal, it argues the Commission applied the wrong standard of review when it adopted the ALJ's decision which contained the sentence, "Had there been evidence of any further or other significant trauma I might find otherwise." The employer claims this sentence required the employer to show an alternative cause. We have reviewed the entire record and we do not believe the Commission required the employer to show an alternative cause. Point three denied.

IV. Claimant's Issues on Appeal

A. *Whether the Commission's award of 30% PPD was supported by substantial and competent evidence, or whether such evidence was contrary to the overwhelming weight of the evidence.*

■ On his first point on appeal, claimant argues the Commission's award of merely 30% PPD was not supported by substantial and competent evidence. In support of his argument, claimant points to the testimony of both Dr. Cohen and the employer's doctor, Dr. Myers. Claimant points out Dr. Cohen found claimant to have sustained a 65% PPD

of the body as a whole. Claimant further contends Dr. Myers testified claimant's disability amounted upwards to 50% of the body as a whole. While he acknowledges the Commission is not strictly limited to the percentages of disability testified to by the medical experts, *Barrett v. Bentzinger Bros., Inc.*, 595 S.W.2d 441 (Mo.App.1980), and that it is the province of the Commission to resolve the medical conflicts in evidence, *Cole v. Best Motor Lines*, 303 S.W.2d 170 (Mo. App.1957), claimant points out the Commission cannot arbitrarily disregard the evidence as to the accident and injury where it is undisputed and substitute its personal opinion unsupported by sufficient competent evidence. *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292 (1965).

In response, the employer argues there is substantial and competent evidence to support the Commission's decision. We agree. Remembering the *Davis* two-pronged analysis which guides us, we recognize there is a dispute as to the amount of injury and believe there is substantial and competent evidence to support the Commission's decision. Dr. Myers found claimant's disability at 15%–20% of the whole person for the job claimant performs. Dr. Cohen believed claimant was 65% disabled. Furthermore, we cannot say the award by the Commission is against the overwhelming weight of the evidence. In such a situation, we recognize "[t]he assignment of residual disability is within the expertise of the Commission...." *Keener v. Wilcox Electric, Inc.*, 884 S.W.2d 744, 746 (Mo.App. W.D.1994). We will not disturb the award of PPD given by the Commission. Point one denied.

B. *Whether the Commission erred in treating the employer's payment of full salary as compliance with temporary total disability owed by the employer.*

In the instant case, it has been stipulated that no TTD benefits were paid, but the employer did pay claimant his full salary during the period he missed work. Claimant testified that, as a salaried employee, he received his full salary while he missed work. The Commission found that, while claimant was entitled to 10 and ⁴⁄₇ weeks of TTD, because the employer had paid twelve full weeks of salary, claimant was not entitled to an award of TTD payments. Claimant asserts the Commission's decision to deny him TTD was error. We agree.

While we review facts in the light most favorable to the Commission's findings, we review questions of law *de novo*. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). Missouri law dictates an employer must compensate an employee for time the employee misses work because of a work-related injury: "For temporary total disability the employer shall pay compensation ..." for the period of time employee is off work. § 287.170(1), RSMo. In determining the compensation due claimant, Missouri law specifically states:

> No savings or insurance of the injured employee, nor any benefits derived from any other source other than the employer or the employer's insurer for liability under this chapter, shall be considered in determining the compensation due hereunder.

§ 287.270, RSMo. Furthermore, the statutes also explain when an employer is entitled to a credit for wages paid: "The employer shall not be entitled to credit for wages or such pay benefits paid to the employee or his dependents on account of the injury or death except as provided in Section 287.270." § 287.160(6), RSMo Cumm. Supp.1996 [1].

The employer argues since it paid claimant's salary, § 287.270 indicates the employer is entitled to a credit. Claimant argues under § 287.160(6) an employer is not entitled to credit for wages paid except as provided for in § 287.270. Furthermore, claimant asserts § 287.270 does not allow an employer a credit for wages paid to an employee, wages which the employee was entitled to regardless of compensable injury. In support of his argument, claimant cites *Campbell v. Citicorp Mortgage, Inc.*, 924 S.W.2d 323 (Mo. App. E.D.1996), a decision by the Commis-

---

1. In the 1996 Cumulative Supplement of Missouri Statutes, § 287.160(5) became § 287.160(6). The substance of the statute did not change.

sion which states an employer is not entitled to a credit for wages paid an employee during the period of disability unless the payment was made pursuant to the Workers' Compensation Act. Since the time the appeal was filed in this case, this court affirmed the Commission's holding in *Campbell*, 924 S.W.2d at 325.

In *Campbell*, the employer in accordance with its sick-leave policy made payments to the claimant believing this action satisfied the requirements of § 287.270. The Commission held, under the statutes, the sick-leave payments were not payments made "pursuant to the Workers' Compensation Act," and as such the employer was not entitled to a credit for sick-leave payments. In upholding the Commission's decision, this court recognized the employer had made the payments "in accord with its own company policy and employee benefit[s]. [The employer] agreed to pay employees during periods of illness without reference to compensable injury." *Id.* This court also noted that § 287.160(6) references § 287.270:

> They must be interpreted together. [§ 287.160(6)] prohibits an employer from receiving workers' compensation credit for wages or benefits paid to an employee on account of injury or death ... [§ 287.160.(6)] by reference to § 287.270, provides an exception, not applicable here, for employers of professional athletes. Otherwise, § 287.270 denies credit to an employer unless the employer has specifically made payments to meet its workers' compensation liability.

*Id.*

In the instant case, claimant testified that it was the company policy to provide his salary during the time he missed work because he was a salaried employee. The payments made to claimant were done without reference to compensable injury, just as in *Campbell*. Based upon the evidence, the employer paid claimant a salary and not a disability compensation as provided by the statute. Therefore, the employer in this matter is not entitled to receive a credit.

## V. Conclusion

Accordingly, we affirm the Commission's decision finding the injury was related to the April accident. We affirm the Commission's award of 30% permanent partial disability. As to the award of temporary total disability, we hereby reverse the Commission's denial and remand this case to the Commission to enter a judgment consistent with this opinion.

CRANE, P.J., and GERALD M. SMITH, J., concur.